# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **CHRISTENIA CAWTHORN,** | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION: |
| **JOHNSON PARTNERS, INC.** **D/B/A MCDONALD'S,** **JOHNSON ENTERPRISES, LLC** **D/B/A MCDONALD'S,** **JACK JOHNSON, INC. D/B/A** **MCDONALD'S** | ) ) ) ) ) ) |

## COMPLAINT

COMES NOW the Plaintiff, Christenia Cawthorn, and for her complaint against the above-named Defendants, alleges and states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Christenia Cawthorn is a 26 year-old African-American female residing in Madison County, Alabama.

2. Defendant Johnson Partners, Inc. (hereinafter "McDonald's) is an entity doing business in Madison County, Alabama. The Defendant has more than twenty (20) employees and had more than twenty (20) employees at all times relevant to the Plaintiff's complaint. The Defendant is also subject to the Fair Labor Standards Act.

3. Defendant Johnson Enterprises, LLC (hereinafter "McDonald's) is an entity doing business in Madison County, Alabama. The Defendant has more than

      twenty (20) employees and had more than twenty (20) employees at all times relevant to the Plaintiff's complaint. The Defendant is also subject to the Fair Labor Standards Act.

4. Defendant Jack Johnson, Inc. (hereinafter "McDonald's) is an entity doing business in Madison County, Alabama. The Defendant has more than twenty (20) employees and had more than twenty (20) employees at all times relevant to the Plaintiff's complaint. The Defendant is also subject to the Fair Labor Standards Act.

5. The Plaintiff has met all jurisdictional requirements regarding the filing of this cause, through the administration of this claim through the Equal Employment Opportunity Commission, EEOC Number 420201102556. The Plaintiff filed her EEOC complaint on or about August 2, 2011 regarding the Defendant's conduct. On or about February 2, 2012, the EEOC issued its letter giving permission to the Plaintiff to pursue a lawsuit.

6. This Court has jurisdiction over this cause based on 28 U.S.C. § 1331.

7. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391 (b).

## GENERAL FACTS AND AVERMENTS

8. In approximately January 2010, Plaintiff, an African-American female, became employed with the Defendants at one of their Huntsville, Alabama restaurants.

9. Plaintiff's general manager when she began working for the Defendants was Anthony Patton. After the Plaintiff worked approximately one and a half months at the Defendants' restaurant, Patton began harassing and discriminating against her by making lewd sexual comments directed at her. Initially, Patton told the Plaintiff that he wanted to perform a sexual act on her and would demonstrate how he would do it while at the restaurant.

Patton persisted to make sexual advances towards the Plaintiff even though she rejected his advances and told him that what he was doing and saying was inappropriate. On at least one occasion at the restaurant, Patton came from behind and grabbed the Plaintiff's vagina and buttocks.

10. Immediately after Patton physically assaulted the Plaintiff, she complained to management at Defendants' corporate office. Plaintiff was told that an investigation would be conducted and that someone would contact her. However, to Plaintiff's knowledge, no investigation was conducted and no one ever contacted her back about her complaints. After lodging her complaint with Defendants' management and giving notice of Patton's conduct, Plaintiff noticed that she was not put on the work schedule. When Plaintiff asked an assistant manager about the schedule, she was directed to speak to Patton about it. When Plaintiff inquired to Patton about her hours, he informed her that she was no longer working at his restaurant. Patton contacted another manager at another McDonald's location and arranged for the Plaintiff to be transferred. Plaintiff was transferred to another McDonald's location in Madison County in approximately June 2010.

11. After Plaintiff worked under her new supervisor Tara Fabian's supervision for several weeks, Plaintiff told her about Defendant Patton's conduct. Ms. Fabian told Plaintiff that she would contact the corporate office about Defendant Patton's behavior.

12. Employees at the corporate office assured the Plaintiff that they would investigate her complaints; however, when the Plaintiff inquired about the status of the investigation, they told her that they could not discuss it anymore.

13. After the Plaintiff complained of the above-described harassment, discrimination and hostile work environment, the Defendants retaliated

against her.  Her hours were drastically reduced and her supervisor Tara Fabian began singling her out and disciplining her unfairly.  Her supervisor refused to schedule her more than twenty hours per week.  The Plaintiff did not receive raises to which she was due.  She was repeatedly sent home from work and not allowed to work. The Plaintiff was terminated and then reinstated.  The Defendants also repeatedly harassed the Plaintiff about her appearance and performance.  She was not given the same amount of breaks as other employees.  Other employees were not subjected to the same mistreatment as the Plaintiff.  The Defendants' harassing, discriminatory and retaliatory behavior is and has been continuous and ongoing.

14. The Defendants ratified and/or adopted its employees' actions.
15. The Defendants have exhibited a pattern and practice of this type of conduct.

## COUNT I: TITLE VII DISCRIMINATION/DISPARATE TREATMENT

16. Plaintiff hereby adopts and incorporates by reference paragraphs 1-15 as if fully set out herein.
17. The Defendants harassed and discriminated against the Plaintiff by treating her disparately than other white and/or male employees as described above, in violation of Title VII, 42 U.S.C. 2000e *et seq*.
18. The Defendants have exhibited a pattern and practice of this type of conduct.
19. As a result of the Defendants' conduct, the Plaintiff has lost the opportunities for advancement or pay in her job and has not received raises to which she was entitled.  She also has experienced mental anguish as a result of the Defendants' conduct.

WHEREFORE, the Plaintiff demands judgment against the Defendants for all damages available under Title VII, including but not limited to, lost wages,

compensation for the emotional anguish she suffered, any and all equitable relief available, compensatory damages, punitive damages, the cost of this litigation, interest, and reasonable attorney's fees.

### **COUNT II: TITLE VII HOSTILE WORK ENVIRONMENT**

20. Plaintiff hereby adopts and incorporates by reference paragraphs 1-19 as if fully set out herein.

21. The Defendants subjected the Plaintiff to a hostile work environment because of her race and sex as described above in violation of Title VII, 42 U.S.C. 2000e *et seq*.  The hostile work environment consisted of unwelcome harassment and discrimination based on the Plaintiff's race and sex and retaliation based on her protected EEO activity.  The hostile work environment unreasonably interfered with the Plaintiff's work performance and/or it created an intimidating work environment.

22. The Defendants are vicariously liable for the culpable conduct of their employees, representatives, and/or agents. The agents, employees, or representatives, etc. of the Defendants were acting within the line and scope of their authority and duties as employees and/or Defendants ratified and adopted their wrongful conduct.

23. The Defendants have exhibited a pattern and practice of this type of conduct.

24. As a result of the Defendants' conduct, the Plaintiff has lost the opportunities for advancement or pay in her job and has not received raises to which she was entitled.  She also has experienced mental anguish as a result of the Defendants' conduct.

WHEREFORE, the Plaintiff demands judgment against the Defendants for all damages available under Title VII, including but not limited to, lost wages,

compensation for the emotional anguish she suffered, any and all equitable relief available, compensatory damages, punitive damages, the cost of this litigation, interest, and reasonable attorney's fees.

### COUNT III: TITLE VII RETALIATION

25. Plaintiff hereby adopts and incorporates by reference paragraphs 1-24 as if fully set out herein.

26. As described above, the Defendant took adverse actions and retaliated against the Plaintiff after she engaged in protected activity. There was a causal connection between the adverse actions and the protected activity. The Defendant's conduct violated Title VII, 42 U.S.C. 2000e *et seq*.

27. The Defendant has exhibited a pattern and practice of this type of conduct.

28. As a result of the Defendants' conduct, the Plaintiff has lost the opportunities for advancement or pay in her job and has not received raises to which she was entitled. She also has experienced mental anguish as a result of the Defendants' conduct.

WHEREFORE, the Plaintiff demands judgment against the Defendants for all damages available under Title VII, including but not limited to, lost wages, compensation for the emotional anguish she suffered, any and all equitable relief available, compensatory damages, punitive damages, the cost of this litigation, interest, and reasonable attorney's fees.

### COUNT IV: BREACH OF CONTRACT

29. Plaintiff hereby adopts and incorporates by reference paragraphs 1-28 as if fully set out herein.

30. The Defendants and their agents and/or representatives had an express or

implied contract with the Plaintiff concerning her employment with the Defendants.

31. The Defendants breached their contract(s) with the Plaintiff by failing to adhere to and follow their own policies and procedures.

32. As a proximate consequence of the Defendants' breach, the Plaintiff suffered damages, including but not limited to, lost opportunities for advancement in her job and raises to which she was entitled .

33. The Defendants are vicariously liable for the culpable conduct of their employees, representatives, and/or agents. The agents, employees, or representatives, etc. of the Defendants were acting within the line and scope of their authority and duties as employees and/or the Defendants ratified and adopted their wrongful conduct.

WHEREFORE, the Plaintiff demands judgment against the Defendants for all damages available, including but not limited to, any and all equitable relief available, compensatory damages, the cost of this litigation, and interest.

## COUNT V: RESPONDEAT SUPERIOR / AGENCY/ RATIFICATION

34. Plaintiff hereby adopts and incorporates by reference paragraphs 1-33 as if fully set out herein.

35. The Defendants are vicariously liable for the culpable conduct of their employees, representatives, and/or agents.  The Defendants adopted and/or ratified its employees and/or representatives' wrongful conduct.  The agents, employees, or representatives, etc. of the Defendants were acting within the line and scope of their authority and duties as employees and/or the Defendants ratified and adopted their wrongful conduct.

WHEREFORE, the Plaintiff demands judgment against the Defendants for all damages available including but not limited to, lost wages, compensation for the emotional anguish she suffered, any and all equitable relief available, compensatory damages, punitive damages, the cost of this litigation, interest, and reasonable attorney's fees.

ATTORNEY FOR PLAINTIFF

/s/ Phillip A. Gibson
PHILLIP A. GIBSON   State Bar ID #GIB025
PHILLIP A. GIBSON, L.L.C.
200 Russell St., Ste. 300
P.O. BOX 10061
HUNTSVILLE, AL 35801
Phone:  256/519-6824
Fax:  256/519-6825
Email:  pag@phillipgibsonlaw.com

Plaintiff respectfully requests trial by struck jury.

/s/ Phillip A. Gibson
Phillip A. Gibson, Attorney for Plaintiff